

Molly C. Dwyer
Clerk of Court

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

**FILED**

NOV 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

| | |
|---|---|
| Docket Number: | 24-7100 |
| Originating Case Number: | 1:22-cv-00519-BLW-CWD |
| Short Title: | Fleming v. City of Boise |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**Failure of the appellant to comply with the time schedule order may result in dismissal of the appeal.**

**Please read the enclosed materials carefully.**



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

# TIME SCHEDULE ORDER

Docket Number: 24-7100
Originating Case Number: 1:22-cv-00519-BLW-CWD

Case Title: Fleming v. City of Boise

**Wednesday, November 27, 2024**
Thomas Ray Fleming                                    Mediation Questionnaire due

**Thursday, December 12, 2024**
Thomas Ray Fleming                                    Appeal Transcript Order Due

**Friday, January 10, 2025**
Thomas Ray Fleming                                    Appeal Transcript Due

**Monday, February 10, 2025**
Thomas Ray Fleming                                    Appeal Opening Brief Due

**Wednesday, March 12, 2025**
City of Boise                                         Appeal Answering Brief Due

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief. See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

**Failure of the appellant to comply with the time schedule order may result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** | 24-7100
**Case Name** | Tom Fleming v City of Boise (Idaho)

**Counsel submitting this form** | Hepworth Law Offices, J. Grady Hepworth.

**Represented party/parties** | Plaintiff Tom Fleming

*Briefly describe the dispute that gave rise to this lawsuit.*

This is a constructive discharge case arising under the Idaho's Protection of Public Employees Enforcement Act, I.C. section 6-2104 ("Whistleblower Act"), as well as the Americans With Disabilities Act ("ADA") and the Idaho Human Rights Act ("IHRA").

Captain Tom Fleming was a long-serving law enforcement officer for the City of Boise Police Department, and was serving as the Internal Affairs ("IA") Captain at the time of his retaliatory discharge.

Beginning in August 2021, Captain Fleming engaged in a series of protected activities under Idaho's Whistleblower Act related to opposing and communicating suspected violations of laws, rules, and regulations by City of Boise's (now former) Police Chief, Ryan Lee.

Among the most serious concerns was Chief Lee's interference into an ongoing internal affairs investigation related to an officer involved in an off-duty shooting, in which the officer was suspected of making false statements to the IA investigator and other Brady-related truthfulness concerns. Captain Fleming also participated in investigation proceedings related to Chief Lee's use of force against another BPD officer that resulted in serious injuries to the officer's neck. Captain Fleming otherwise participated in an investigation into the overall hostile work environment and retaliation by Chief Lee. The City of Boise covered up Chief Lee's retaliation and misconduct, and failed to mitigate the hostile work environment, resulting in Fleming's constructive discharge.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

*Briefly describe the result below and the main issues on appeal.*

The District Court granted the City of Boise summary judgment under Fed. R. Civ. P. 56 (Dkt. 51), concluding that Fleming's hostile work environment was not sufficient to have caused a "constructive discharge." See Dkt. 51 at 12-14. The main issues on appeal are:

1) Did the District Court violate Fed. R. Civ. P. 56(a) and Fleming's right to trial by jury by weighing the evidence and construing material facts of the hostile work environment and constructive discharge in the light most favorable to City of Boise (moving party), and disfavorable to Captain Fleming?

2) Did the District Court erroneously interpret Idaho's Whistleblower Act by failing to even address (much less give meaning to) I.C. section 6-2104(4), which makes it an "adverse action" for a public employer to "implement rules or policies that unreasonably restrict an employee's ability to document the existence of any waste of public funds, property or manpower, or a violation or suspected violation of any laws, rules or regulations."

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

City of Boise filed a "Bill of Costs" (Dkt. 53) on November 18, 2024. Plaintiff filed an objection to the Bill of Costs on November 25, 2024 (Dkt. 56). No further proceedings are contemplated by Plaintiff at this time.

**Signature** /s/ J. Grady Hepworth   **Date** 11/25/2024
*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                    *Rev. 09/01/22*

2

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| THOMAS RAY FLEMING, | No. 24-7100 |
|---|---|
| Plaintiff - Appellant, | District No. 1:22-cv-00519-BLW-CWD |
| v. | |
| CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho, | **ORDER SETTING ASSESSMENT CONFERENCE**<br>**Date:** 12/18/2024<br>**Time:** 9:30 AM **Pacific Time**<br>**(DIAL-IN CONFERENCE)** |
| Defendant - Appellee. | |

The Mediation Program of the Ninth Circuit Court of Appeals facilitates settlement while appeals are pending. See Fed. R. App. P. 33 and Ninth Cir. R. 33-1.

The court has scheduled a dial-in telephone assessment conference with counsel on the date and time indicated above.

Each participant on the attached list will receive an email with dial-in information. If there are any changes or additions to the list, please notify the Mediation Office at mediation@ca9.uscourts.gov.

Also, please notify Circuit Mediator Robert Kaiser immediately by email (Robert_Kaiser@ca9.uscourts.gov) if counsel has an unavoidable scheduling conflict. Please copy all counsel on any such communications.

All communications should include the Ninth Circuit case name and number in the subject line.

All discussions that take place in the context of the conference are confidential. See Cir. R. 33-1.

For more detailed information about the assessment conference, confidentiality, the Mediation Program and its procedures generally, please see the attachment to this order and the Mediation Program web site: www.ca9.uscourts.gov/mediation.

The briefing schedule previously set by the court remains in effect.

FOR THE COURT:

By: Robert Kaiser
Circuit Mediator

LIST OF CONFERENCE PARTICIPANTS

| | |
|---|---|
| THOMAS RAY FLEMING<br>    Plaintiff - Appellant | Jeffrey J. Hepworth<br>jhepworth@idalawyer.com |
| THOMAS RAY FLEMING<br>    Plaintiff - Appellant | John Grady Hepworth<br>ghepworth@idalawyer.com |
| CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho<br>    Defendant - Appellee | Daniel E. Williams |

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
CIRCUIT MEDIATION OFFICE

Website: www.ca9.uscourts.gov/mediation
Email: ca09_mediation@ca9.uscourts.gov
Phone: 415-355-7900

**INFORMATION ABOUT ASSESSMENT CONFERENCES**

**Overview**

- The purpose of the assessment conference is to provide an opportunity for counsel and the Circuit Mediator to have a frank discussion about settlement. The mediator will explore the parties' interests in settlement and, if appropriate, work with counsel to design a process to pursue resolution of the dispute.

- The conference will be conducted by one of the eight Circuit Mediators, all of whom are court employees with extensive mediation and litigation experience. The conference typically lasts from 30-60 minutes. The Circuit Mediators are authorized to file orders on most procedural matters, including vacating or moving the briefing schedule.

- Counsel for each party that intends to file a brief in this matter should participate in the assessment conference. The lawyer with the closest relationship to the client should be on the call. Clients are not expected to participate in the assessment conference.

- In advance of the conference, counsel should have a discussion with their clients about their goals in the litigation, its possible costs and outcomes (good and bad), the potential for further legal proceedings, and what issues beyond the litigation might be explored in mediation.

- During the conference, counsel and the Circuit Mediator will discuss the factual and legal background of the dispute, the legal issues involved in the litigation and on appeal, any related legal proceedings, and any other considerations that may affect the parties' willingness to engage in settlement discussions. The scope of discussion is not limited to the issues on appeal: it may include related legal proceedings or any other issues between the parties.

### Confidentiality

- Settlement-related information disclosed to a Circuit Mediator will be kept confidential and will not be disclosed to the judges deciding the appeal or to any other person outside the Mediation Program participants. Ninth Cir. R. 33-1.

- All participants in the assessment conference are required to abide by the court's confidentiality rules, which are set forth in Rule 33-1 and can be found at: www.ca9.uscourts.gov/mediation. With limited exceptions, any communication made by the Circuit Mediator or any participant during the conference may not be used in any pending or future proceeding in this court or any other forum and may not be disclosed to anyone who is not a participant. Ninth Cir. R. 33-1.

### Likely Outcomes of Assessment Conference

- At the conclusion of the assessment conference, the Circuit Mediator may confirm in an order the agreements of the parties regarding the scope, process and timing of any further settlement efforts. Typical settlement processes include in-person mediation sessions, telephone settlement dialogues facilitated by the Circuit Mediator, or direct discussions between counsel.

- The parties may agree to extend briefing in order to focus on settlement efforts. In most cases, the deferral of briefing will not delay disposition of the appeal because the date of the filing of the notice of appeal controls when an appeal is assigned to a three-judge panel for decision.

- If at any point the parties choose not to pursue settlement efforts, the Circuit Mediator will work with counsel to resolve any outstanding procedural issues and will enter orders effectuating any procedural agreements.

**More information is available on the Mediation Circuit link on the Ninth Circuit website www.ca9.uscourts.gov/mediation.**